Chief.Justice Robertson,
delivered the opinion of the court.
This was an action of covenant on a note for money, in which judgment was rendered by default, for the debt in the declaration mentioned, and one cent in damages, with interest until payment, but was, at a subsequent term, amended by making it «judgment for the amount of principal and interest, (due at the date of the first judgment,) in damages.
V'-noas objections have been made to the declaration, and subtle and elaborate argument has been employed to sustain them. They are, however, in oil' opinion, so obviously untenable, as not to demand particular notice.
The only objection to the judgment which we deem it proper to consider, is, that which is made to its form. As theaction was covenant, thejudgment should have been as it now is, for damages, and accruing interest, could not be allowed. The original judgment was, of course, erroneous. But as the error in that judgment must be considered a clerical misprision, the circuit court hada right t.o correct it, even at a succeeding term. I Ba. Ab. 155-6; V Burrow, 2730; II Bibb, 248; IV Ibid. 321; I Mon. 18, 213, 252.
As such a correction of a clerical misprision, re-troacts,hy relation, to the original judgment, ft has the same effect as iftbe first judgment had been rendered as amended.
The condition of the appellant in this event is precisely such as it would have been if the first judgment had been correctly entered. As the circuit court had power to amend, and thereby relieve the appellant from the payment of accruing interest, he cannot be entitled to costs in this court, when the error in the judgment has been properly corrected ■without tba intervention of this court. On the con- *209 ¿ravy, as the judgment must now he affirmed, he must pay to the appellee his costs and damages. Speed vs. Hann, I Mon. 16.
Eiaing, for appellant; Morehead and Breathitt, for appellee.
Judgment affirmed with costs and damages.